IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KYE MOSS,<br><br>        Plaintiff,<br><br>    vs.<br><br>DOUGLAS COUNTY CORRECTIONS,<br>MICHAEL MYERS, Director; AMBER<br>REDMOND, Deputy Director; and PATRICK<br>WESTJR., Captain;<br><br>        Defendants. | **8:25CV380**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kye Moss ("Moss"), a pretrial detainee currently incarcerated at Douglas County Correctional Center ("DCCC") in Omaha, Nebraska, has been granted leave to proceed in forma pauperis. Filing No. 7. Because he has paid the required initial partial filing fee, the Court conducts an initial review of Moss's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the Court are Moss's Motion to Appoint Counsel, Filing No. 3, and Motion for Summons, Filing No. 4. For the reasons stated, Moss's Motions will be denied without prejudice to reassertion. His Complaint is addressed below.

## I. SUMMARY OF COMPLAINT

Moss brings this action pursuant to 42 U.S.C. § 1983 against four defendants: Douglas County Corrections ("DCDC");[1] Michael Myers, director of DCDC, sued in his individual capacity; Amber Redmond, deputy director of DCDC, sued in her individual

---

[1] The Court construes Moss's claims against "Douglas County Corrections" to be against the Douglas County Department of Corrections (or "DCDC"). The Douglas County Department of Corrections operates the DCCC. *See* Douglas County Department of Corrections, https://corrections.dccorr.com/ (last accessed Mar. 24, 2026).

capacity; and Captain Patrick West Jr., captain of security at DCDC, sued in his individual capacity. Filing No. 1 at 2-3.

Moss alleges that on the afternoon of January 3, 2025, he was removed from his cell, strip searched, and placed in the gym area while his cell was searched. *Id*. at 5. The search lasted several hours. *Id*. Later that evening, Moss was returned to his cell and told by a sergeant that he was being sent to segregation pending administrative segregation "per watch commander." *Id*. Moss alleges Captain West ordered the search of Moss's cell and directed that Moss be placed in solitary confinement without notice. *Id.* at 12. Moss was not given any explanation for his transfer out of general population. *Id.* at 14. He was not interviewed and received no disciplinary reports. *Id.* at 5, 12. Moss was not allowed to attend any hearings in connection with his placement in segregation, and he was never given a more definitive reason for the transfer. *Id.* at 13.

Because Captain West issued the command, Moss contends that Captain West deprived him of his liberty interest and property interest, in violation of the procedural due process guarantees of the Fourteenth Amendment. *Id.* Moss alleges that Deputy Director Redmond is Captain West's superior and oversees his duties as well as the operations and procedures of DCDC. *Id.* Redmond received weekly updates on confined detainees housed in segregation but has failed to allow Moss a hearing, notice, or any opportunity to be heard. *Id.* Accordingly, Moss contends that Redmond also failed to protect the liberty interest guaranteed to him by the Fourteenth Amendment's Due Process Clause. *Id.*

Director Michael Myers oversees both Captain West and Deputy Director Redmond. *Id.* at 13. Moss alleges that Myers receives weekly status updates and holds

final approval or denial authority over facility operations. *Id.* Plaintiff contends that Director Myers is the "sole person denying his release from confinement," and has not granted Moss a hearing, notice, or an opportunity to be heard. *Id.*

As of the date of the Complaint, Moss had still not been told what he had done to be placed in segregation. *Id.* Moss has not attended any hearings regarding his placement or release, and he has not been informed when he would be released from confinement. *Id.* Other inmates completed recommended programing and were subsequently returned to general population. *Id.* Moss asserts that he completed the recommended programming, but he has not been similarly released. *Id.* Moss has been allowed only one hour out of his cell per day and has been denied mail, phone, and contact visits. *Id.* He has not been violent at any time while jailed. *Id.* Moss claims he is being treated differently from other detainees and should have received more procedure. *Id.*

Moss alleges he has suffered psychological pain and suffering, including depression and anxiety, stress about his criminal proceedings, fear that he will never be returned to general population, constant worry, sleep disruption, and significant weight loss since entering confinement. *Id.* at 5. Moss has also experienced serious shoulder issues from laying on his side and receives only Tylenol and occasional mental health visits. *Id.*

Moss filed grievances with the shift sergeant, claiming his due process rights were being violated and that he was subjected to cruel and unusual punishment. *Id.* at 7. Moss's grievances also requested information about his placement, a hearing, and release from segregation. *Id.* Moss was told he was a security threat and would not be

3

leaving confinement. *Id.* Moss filed grievances until sergeants marked his complaint as not a grievance and told Moss further appeals were blocked by the department after the first grievance. *Id.*

Moss seeks three forms of relief: (1) immediate release from segregation into general population; (2) an injunction requiring DCDC to implement procedures addressing the housing of long-term detainees with or without disciplinary infractions, including hearings and an opportunity to be heard; and (3) $25,000 in compensatory damages for pain, suffering, and violations of human dignity. *Id.* at 5.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Moss brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his right to procedural due process under the Fourteenth Amendment when they placed him in segregation without notice, a hearing, or an opportunity to be heard. The Court addresses whether Moss's Complaint states a plausible claim against each Defendant.

### A. Douglas County Corrections

As a threshold matter, Douglas County Department of Corrections must be dismissed because a is not a distinct legal entity subject to suit under 42 U.S.C. § 1983. *See Dan v. Douglas Cty. Dep't of Corr.,* No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("[T]he Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal

entities amenable to suit."). Accordingly, DCDC will be dismissed without prejudice as a non-suable entity.

Even if Moss's claims against DCDC are construed as a suit against Douglas County itself under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), Moss's allegations would not state a claim. To prevail on a municipal liability claim, a plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (internal citation omitted). Moss does not allege that his placement in segregation without process resulted from any official policy or widespread custom of Douglas County. His allegations describe the actions of individual officials, which is insufficient to establish municipal liability. *See Baker v. Cooper*, No. 8:21CV55, 2022 WL 888462, at *3 (D. Neb. Mar. 25, 2022). Accordingly, any claim construed as a claim against Douglas County is subject to dismissal.

## B. Claims Against Captain West

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees held in state or local facilities. *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002); *see also Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (When "an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand") (quoting *Jones*

6

*v. Mabry*, 723 F.2d 590, 594 (8th Cir. 1983)); *Webb v. Johnson*, No. 4:21CV3042, 2021 WL 2002712, at *9 (D. Neb. May 19, 2021) (procedural due process claim allowed to proceed where plaintiff received no notice that his conduct would result in cell restriction and denial of privileges).

For purposes of initial review, Moss has stated a claim against Captain West. Moss alleges that Captain West personally ordered the search of Moss's cell and directed that he be placed in segregation without notice, a hearing, or any explanation. Filing No. 1 at 12. Moss alleges that he was not interviewed, received no disciplinary reports, and was not allowed to attend any hearings in connection with his placement. *Id.* at 5, 13. According to the Complaint, Moss remained in segregation for months without being told the reason for his continued confinement, despite requesting information from Captain West. *Id.* at 13. These allegations are sufficient to state a plausible procedural due process claim against Captain West in his individual capacity.

## C. Deputy Director Amber Redmond and Director Michael Myers

Moss's claims against Deputy Director Redmond and Director Myers are insufficient as pled. To state a claim under § 1983, a plaintiff must allege that each defendant, through his or her own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) ("[A] person may be held personally liable for a constitutional violation only if his own conduct violated a clearly established constitutional right.") (quoting *Baribeau v. City of Minneapolis*, 596 F.3d 465, 482 (8th Cir. 2010)). Moss is required to allege each individual defendant's personal involvement in the alleged constitutional violation. *See Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690, 700 (8th Cir. 2020). Supervisory

liability under § 1983 cannot rest on respondeat superior. *Street v. Leyshock*, 41 F.4th 987, 989 (8th Cir. 2022).

As currently pled, Redmond and Myers's liability depends on the actions of others. Moss alleges that both Redmond and Myers received weekly status updates on confined detainees housed in segregation, and that Myers held final approval or denial authority over facility operations. Filing No. 1 at 12-13. Moss further contends that Myers is the "sole person denying his release from confinement" and that neither Redmond nor Myers has granted him a hearing, notice, or an opportunity to be heard. *Id.* at 13. While this legal conclusion suggests awareness of Moss's situation, Moss does not allege with clarity that Redmond or Myers took any affirmative action or made any deliberate decision that personally deprived Moss of his constitutional rights. Awareness of a subordinate's actions, without more, does not establish the personal involvement required to sustain a § 1983 claim. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights.").

Accordingly, Moss's claims against Redmond and Myers are subject to dismissal. However, on the Court's own motion, Moss shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states a claim against Redmond and Myers. In his amended complaint, Moss should explain specifically what each defendant did or failed to do that personally caused the deprivation of his constitutional rights, when each defendant took or failed to take that action, and how each defendant's conduct harmed him. General allegations of supervisory awareness are not sufficient.

### IV. MOTION FOR COURT APPOINTED COUNSEL

Construed liberally, Moss seeks appointment of counsel. Filing No. 3. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Moss appears able to adequately present his claims. The Court is, however, aware that this situation may change. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### V. MOTION FOR SUMMONS

Moss filed what the Court construes as a Motion for Summons, Filing No. 4, asking the Court to issue a summons on each Defendant. "Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot

issue summonses in in forma pauperis [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)).[2]

Although, for purposes of initial review, Moss has stated a claim against Captain West, Moss's claims against DCDC, Director Myers, and Deputy Director Redmond are each subject to dismissal.  The Court has given Moss leave to file an amended complaint to state a *Monell* claim against DCDC if such a claim can be credibly alleged, and to clarify whether he claims Myers and Redmond were personally involved in Moss's alleged deprivation of rights.  Because the Court has not yet reviewed any amended complaint, a motion seeking issuance of summons and service of the Complaint is premature.  Accordingly, the Motion will be denied without prejudice to reassertion after the Court reviews any amended complaint.

## VI.  CONCLUSION

For purposes of initial review, Moss has stated a plausible claim against Captain West in his individual capacity.  However, the Court cautions Moss that this is only a preliminary determination based on the allegations found within the Complaint.  This is not a determination of the merits of Moss's claims or potential defenses thereto.  Moss fails to state a claim upon which relief may be granted against DCDC, Director Myers, and Deputy Director Redmond.  However, the Court on its own motion will give Plaintiff

---

[2] Under the statute, following the granting of a motion to proceed in forma pauperis, a court must review and dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

30 days in which to file an amended complaint that alleges facts supporting a claim against Douglas County, Director Myers, and Deputy Director Redmond, in accordance with this Memorandum and Order, to the extent such facts can be credibly alleged. The Court reserves the right to conduct further review of Moss's claims pursuant to 28 U.S.C. § 1915A if chooses to file an amended complaint.

This matter will not proceed to service of process until Moss has an opportunity to file an amended complaint, if he chooses. If Moss chooses not to file an amended complaint in accordance with this Memorandum and Order, then this matter will proceed to service of process only on Moss's claim against Captain West on the existing pleadings, and all other remaining claims will be dismissed.

IT IS THEREFORE ORDERED that:

1.      For purposes of initial review, Moss has stated a plausible claim against Defendant Patrick West Jr., in accordance with this Memorandum and Order.

2.      Moss shall have 30 days to file an amended complaint against Defendants Douglas County, Director Michael Myers, and Deputy Director Amber Redmond in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in this matter proceeding to service of process against Defendant West only as set forth herein and dismissal of all other remaining claims. If Moss decides to file a second amended complaint, Moss must include all of the claims he wishes to, and has been given leave to, pursue against all of the defendants he wishes to proceed against in the amended complaint. Moss should be mindful to specify that each defendant is sued in his or her individual capacity and to

11

explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

3.     In the event that Moss files an amended complaint, Moss shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.  Moss is warned that an amended complaint will supersede, not supplement, his Complaint as to Defendants DCDC, Myers, and Redmond.

4.     The Court reserves the right to conduct further review of Moss's claims in the event he files an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 27, 2026**—amended complaint due.

6.     Moss's Motion to Appoint Counsel, Filing No. 3, is denied without prejudice to reassertion.

7.     Moss's Motion for Summons, Filing No. 4, is denied as premature, without prejudice to reassertion.

Dated this 24th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

12